# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD G. JONES | CIVIL ACTION |
| VERSUS | NO: 08-1487-AJM-SS |
| PARISH NATIONAL BANK, et al | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the District Judge to handle all pre-trial matters and submission of findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(A)(B). Rec. doc. 7. For the reasons described below, it is recommended that the action be dismissed without prejudice.

### PROCEDURAL BACKGROUND

On April 1, 2008, Donald G. Jones ("Jones") filed a petition on behalf of: (1) himself; (2) Rebecca Barnett Duwell ("Duwell") through a power of attorney; (3) Asia Duwell; and (4) Ian Duwell. Asia and Ian are alleged to be the children of Jones and Duwell. He identified Parish National Bank ("Parish") and Commonwealth Land Title Insurance Company ("Commonwealth") as defendants. Rec. doc. 1. On April 18, 2008, he filed a motion to enjoin and consolidate three state court actions with the federal court action. Rec. doc. 8. On May 12, 2008, Parish filed a motion to dismiss. Rec. doc. 11.

On May 13, 2008, Jones was ordered to file a statement of jurisdiction, which was filed on June 11, 2008. Rec. docs. 13 and 15. On May 29, 2008, Parish's motion to dismiss was set for submission on briefs on July 2, 2008. Jones was ordered to file an opposition by June 24, 2008, but he did not do so. Rec. doc. 14.

BACKGROUND ON THE FACTS

On March 6, 2004, Duwell, a Georgia resident, made Jones her agent through an Act of Procuration.  Rec. doc. 1  (Attachment at 44-47).

On February 10, 2005, Parish granted a commercial loan to Duwell in the amount of $682,500.00 and the loan was evidenced by a promissory note in that amount.  On that same day, Jones, as agent for Duwell, executed an authentic act of Multiple Indebtedness Mortgage, whereby Duwell mortgaged certain immovable property in Orleans Parish.  Id. at 28-43.  A policy of title insurance was issued by Commonwealth Land Title Insurance Company ("Commonwealth") insuring against loss sustained by Parish if the title was not vested solely in Duwell.  Rec. doc. 11.

During the term of the loan, Duwell failed to purchase hazard insurance, and therefore Parish purchased it.  Rec. doc. 1  (Attachment at 1-2).  Duwell failed to make payments due on the Promissory Note and Parish accelerated the note and instituted a foreclosure proceeding in state court.  After the commencement of that proceeding, Jones reported that the property was vandalized on March 20, 2007, and sustained damage of about $82,500.00.  Rec. docs. 1 and 11.

In connection with the foreclosure, Parish was required to provide documentation of Duwell's ownership of the property.  The public records revealed that title to the property was not solely vested with Duwell; but with Duwell, Ian and Asia Duwell.  Parish made a claim on the title policy.  Commonwealth then purchased the Note and Mortgage from Parish by an act of assignment, and it was substituted as plaintiff in the foreclosure suit.  Rec. doc. 11.

Jones contends that the defendants prevented  Duwell from recovering on the hazard policy for the $82,500 in damages and from reopening the business.  Rec. doc. 1.

2

## MOTION TO ENJOIN AND CONSOLIDATE

Jones' motion to enjoin and consolidate refers to three state court actions:

1      Commonwealth Land Title Insurance Company, as assignee from Parish National Bank. v. Rebecca Barnett Duwell, No. 2007-286 "K", Civil District Court.[1]

2.     Rebecca Duwell v. Parish National Bank, Underwriters at Lloyd's London and Commonwealth Land Title Insurance Company, No. 2008-3133 "N", Civil District Court.[2]

3.     Commonwealth Land Title Insurance v. August J. LaNasa and Continental Casualty Company, 2007-13781 "E", Civil District Court.[3]

Jones requests that the state court proceedings be enjoined.  The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings.  There are three statutory exceptions such as where Congress has expressly authorized such relief.  Jones has not demonstrated that the plaintiffs are entitled to such relief.

The procedure for the consolidation of cases in this Court refers to the presence of collateral proceedings.  A collateral proceeding involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action in this Court.  L.R. 3.1.  Collateral proceedings are assigned to the same section.  Id.  Such proceedings may be consolidated for trial or other purposes.  L.R 10.2.  There is no provision for the consolidation of an action pending in state court with an action pending in federal court.

It will be recommended that Jones' motion to enjoin and consolidate the three state actions be denied.

---

[1]  This is the foreclosure proceeding.

[2]  In this action Duwell alleges that: (a) the property was vandalized on March 20, 2007 and sustained damage of about $82,500; (b) insurance was purchased for the property; and (c) Parish, Commonwealth and the insurer have failed to compensate Duwell for her loss.

[3]  Commonwealth seeks to recover against the title insurance agent and his insurer.

<u>MOTION OF PARISH TO DISMISS</u>

 Parish urges that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

 The central issue (on a Rule 12(b)(6) motion) is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  Under Rule 12(b)(6), a claim maybe dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief and the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.  However, conclusory allegations will not suffice to prevent a motion to dismiss, and neither will unwarranted deductions of fact.  In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.

<u>U.S. ex rel. Willard v. Humana Health Plan of Texas Inc</u>., 336 F.3d 375, 379 (5th Cir. 2003).  Parish raises the following arguments in support of its motion to dismiss:  (1) Jones is not a real party at interest and he lacks the capacity to represent Duwell or the children; (2) the allegations are insufficient to state a claim for relief under federal antitrust laws; and (3) Parish has no duty to process an insurance claim for Duwell and the children.  In the alternative, Parish contends this action should be stayed pending the resolution of Duwell's state court action.

1. <u>Real party at interest and capacity</u>.

 Pursuant to Fed. R. Civ. P. 17(a), "[a]n action must be prosecuted in the name of the real party in interest."  Certain persons may sue in their own name without joining the person for whose benefit the action is brought.[4]  <u>Id</u>.  Parish demonstrates that Jones does not own the property at interest and has not entered into any agreement with Parish or Commonwealth related to the property.  Jones does not allege the existence of any contractual obligation owed by the defendants to him.  He is not a real party at interest, and he does not fall within any of the exceptions enumerated in Rule 17(a).

---

 [4] These are: (a) an executor; (b) an administrator; (c) a guardian; (d) a bailee; (e) a trustee of an express trust; (f) a third party beneficiary on a contract; and (g) a party authorized by statute. Fed. R. Civ. P. 17(c).

Jones does not allege that he is licensed to practice law in Louisiana.  Accordingly, he may not represent anyone in this Court.  An individual may appear in this Court as a *pro se* litigant or through a counsel admitted to practice in this Court.  L.R. 11.1.  There is no provision for a *pro se* litigant to be represented by someone who is not admitted to practice in this Court.  See Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (a power of attorney did not permit a non-lawyer to appear as a "next friend" on behalf of party to a lawsuit).  Although Jones alleges that he possesses a power of attorney from Duwell, it does not authorize him to represent her in federal court.

For the same reason Jones is not able to represent either of the children in this proceeding.  Jones does not allege that he is the legal guardian of Asia, the minor child.  Even if he were her legal guardian, he cannot be permitted to appear *pro se* on her behalf.[5]  The petition indicates that the other child, Ian, has reached the age of majority.  This child possesses the procedural capacity to either sue on his behalf or procure his own counsel.  Jones lacks the capacity to appear for Ian Duwell.

2.     The antitrust allegations.

A plaintiff must establish two elements for a violation of the Sherman Antitrust Act: (1) at least two persons must act in concert; and (2) an unreasonable restraint on interstate trade or commerce must exist.  See Oksanon v. Page Memorial Hospital, 945 F.2d 696, 702 (4th Cir. 1991), cert. denied, 502 U.S. 1074, 112 S.Ct. 973 (1992).  Jones' allegations do not demonstrate that Parish and Commonwealth acted in concert or that their actions produced an unreasonable restraint on interstate trade or commerce.  Commonwealth was required to accept the assignment of the

---

[5]  In Harris v. Apfel, 209 F.3d 413, 415 (5th Cir. 2000), the Fifth Circuit permitted a parent to appear *pro se* on behalf of a minor child's claim for Supplemental Security Income benefits.  The Court's discussion indicates that but for an appeal for SSI or other similar claim, a non-attorney parent would not be permitted to sustain a *pro se* action on behalf of a minor child.

mortgage under its title insurance policy.  The discharge of its obligations under the title insurance policy does not rise to the level of an antitrust violation.  It is not sufficient for Jones to allege conclusions that the defendants conspired together or that the assignment was an illegal document. Jones' allegations fall short of what it is required to state a claim for relief under the antitrust laws.

3.        <u>Duty to process insurance claim</u>.

Jones alleges that he and Duwell made numerous attempts to have Parish and Commonwealth process the insurance claim for the damages caused by the vandalism of the property.  The allegations are: (1) Parish purchased a collateral protection policy to protect the property; (2) a premium of $14,109.90 was charged to Duwell;[6] (3) the property was vandalized on March 20, 2007, and sustained about $82,500.00 in damage; (4) Duwell contracted to perform some repairs to the property; (5) Jones and Duwell attempted to have the defendants process the insurance claim, but they failed to do so; and (6) the plaintiffs suffered financial consequences.  At most it is alleged that Duwell is the third party beneficiary of a provision in the insurance policy procured by Parish to protect its interest as mortgagee in the property.  Under these circumstances, Parish and Commonwealth have no duty to process the insurance claim for Duwell.

For the above stated reasons, the complaint fails to state a claim upon which relief can be granted.  It will be recommended that the motion of Parish to dismiss be granted and that the complaint be dismissed without prejudice as to Parish.

4.        <u>Commonwealth</u>.

Parish filed its motion to dismiss on May 12, 2008.  Rec. doc. 11.  The undersigned's order

---

[6] Although it is not determinative, Jones does not allege that Duwell paid the amount charged to the account.

of May 13, 2008, relieved the defendants from filing responsive pleadings until the pending issues were resolved. Continental did not join in Parish's motion to dismiss. Each argument made by Parish is equally applicable to the claims made against Commonwealth.

With respect to the issue of real party at interest, Parish demonstrated that Jones was never a party, as a principal, to any agreement with Parish related to the property in question. The record demonstrates that Jones was not a party to the Commonwealth title insurance policy. The only insured on the policy was Parish. Rec. doc. 15 (Exhibit P-3). Commonwealth purchased the note and mortgage from Parish by an act of assignment. Jones was not a party, as principal, to the act of assignment. Rec. doc. 8 (Exhibit). Nor was he was a party, as principal, to the note and mortgage. Rec. doc. 1 (Exhibit 1). Jones is not a real party at interest as to Commonwealth, and he does not fall within any of the exceptions found in Rule 17(a).

The fact that Jones is not authorized to represent Duwell in federal court applies to any claim against any defendant which Duwell may attempt to assert in federal court. In like manner Jones' inability to represent the two children applies to any claim against Commonwealth.

As discussed above, Jones' allegations fall far short of what is required to state a claim for relief under the antitrust laws against Parish and Commonwealth. The same is true of the claim for duty to process insurance claim.

In recommending that the complaint against Commonwealth be dismissed without prejudice, the undersigned is acting on its own motion. There are circumstances when a district court may act *sua sponte*. A district court may raise the issue of subject matter jurisdiction, *sua sponte*, at any time, either at the trial or appellate level. 5B Wright and Miller, Federal Practice and Procedure §1350 (3rd ed. 2004). As a corollary, a number of federal courts have raised the failure to join an

indispensable party on their own motion.  5C Wright and Miller, Federal Practice and Procedure §1359 (3rd ed. 2004).  In <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386, 1388-89 (1962), the Supreme Court found that:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

<u>Id</u>. at 1388-89.  In <u>Link,</u> the plaintiff urged that there was no notice of a motion to dismiss.  Jones was placed on notice of Parish's motion by: (1) service of the motion on him; (2) the undersigned's order of May 13, 2008, continuing the setting of the motion (Rec. doc. 13); and (3) the undersigned's order of May 29, 2008, requiring Jones to file an opposition to the motion (Rec. doc. 14).  Jones did not submit any opposition to Parish's motion, which demonstrates a failure to prosecute his action.  In these circumstances, it is within the authority of the court to dismiss *sua sponte* Commonwealth on the same grounds as are present for the dismissal of Parish.  Nothing will be gained by requiring Commonwealth to file an identical motion to dismiss asserting the identical grounds presented by Parish.   It will be recommended that the complaint be dismissed without prejudice as to Commonwealth.

<u>MOTION TO STAY</u>

Parish argues that in the alternative the action should at least be stayed because of the pending state court action in which Duwell sued Parish, Commonwealth and Underwriters at Lloyd's London.  Because the complaint fails to state a claim, it is unnecessary to consider this issue.

8

## **RECOMMENDATION**

IT IS RECOMMENDED that: (1) the plaintiffs' motion to enjoin and consolidate state court actions (Rec. doc. 8) be denied; (2) the motion of Parish to dismiss (Rec. doc. 11) be granted; and (3) the complaint of the plaintiffs, Jones on his behalf and on behalf of Duwell, Asia Duwell and Ian Duwell, against Parish and Commonwealth be dismissed without prejudice.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of September, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**

9